UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-487-H

MARYELLEN MCINTYRE (f/k/a
MARYELLEN HOPFNER), on behalf of
herself and all others similarly situated                                             PLAINTIFF

V.

JEWISH HOSPITAL & ST. MARY'S
HEALTHCARE, INC.                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Maryellen McIntyre, on behalf of herself and others similarly situated, filed this case in Jefferson Circuit Court asserting state law claims of (1) negligence *per se*, (2) negligence, (3) negligent supervision, (4) invasion of privacy, (5) intentional infliction of emotional distress, and (6) punitive damages. Defendant, Jewish Hospital & St. Mary's HealthCare, Inc., removed to federal court on the grounds that Plaintiff's complaint actually arises under a federal statute or involves a federal question. Plaintiff has now moved to remand.

The factual underpinning of Plaintiff's complaint is that on or about April 29, 2010, Ms. McIntyre and some 24,000 other patients of Our Lady of Peace Hospital, were notified that a flash drive containing certain personal information was missing from the facility and had been missing since on or about April 1, 2010. Defendant notified these individuals that certain information dating back to 2002 was stored on the missing flash drive and that Defendant had been unable to locate the flash drive in the intervening time. Defendant advised its patients that they should contact one of three major credit reporting bureaus and place a fraud alert in their credit report. Plaintiff bases her negligence *per se* claim upon the mandates of KRS 304.17A-

555, which says that all patients in Kentucky have a right to privacy of their patient records and communications. Plaintiff's remaining causes of action are presumably based upon elements of Kentucky common law.

The Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §1320d, *et seq*, ("HIPAA") and the Health Information Technology for Economic and Clinical Health Act, 42 U.S.C. §§17921-17954 ("HITECH") impose stringent federal protections on the privacy and security of healthcare data. Plaintiff actually learned of her missing records because Defendant provided a notice which HITECH requires. But for the required HITECH notification, Plaintiff might not have known of the missing data. Defendant argues that the case raises substantial questions of federal law.

As a general rule, federal jurisdiction is determined by the parameters of a well pled complaint. Here, Plaintiff pled only state claims. Of course, Congress may completely pre-empt certain areas so that federal law governs the entire field. In those instances, attempting to plead state law claims is to no avail. Congress has heavily regulated the area of medical data privacy, but has provided no suggestion that its legislation has completely pre-empted state civil actions in the field. Certainly, no other federal court has so held.

Nevertheless, citing the *on blanc* Sixth Circuit decision in *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. 2007), Defendant argues that removal is appropriate because Plaintiff's claims implicates substantial questions of federal law. Under the substantial-federal-question doctrine, a state law cause of action can actually arise under federal law, where the vindication of a right under state law depends on the validity, construction or effect of federal law. *Id.* at 565. The doctrine, thus,

2

involves a three-part test: (1) does the state law claim raise a disputed federal issue, (2) is the federal issue substantial, and (3) would the exercise of jurisdiction disturb the congressionally approved balance of federal state judicial responsibilities. *Id.* at 568.

Regardless of how Plaintiff learned of the potential problems, she has asserted claims only under state law. Plaintiff's complaint fails to raise or implicate federal concerns at any level. First, Plaintiff's claim does not raise or depend upon the construction of a federal statute. Whether federal law mandates certain actions or not seems only marginally relevant to Plaintiff's claims under state law. Second, the case does not involve a federal agency and does not require a decision as to a federal question that would control other cases. *Id.* at 570. Finally, the exercise of jurisdiction by state courts would not appear to disturb any balance of federal-state judicial responsibilities in the field of personal medical data protection. Consequently, this Court concludes that this case falls well short of implicating substantial questions of federal law. The appropriate response of this Court is to remand.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

cc: Counsel of Record